IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-00028-RM-SKC

ESTATE OF TIMMY HENLEY,
by and through its personal representative Sabrina Courtroul,

    Plaintiff,

v.

CITY OF WESTMINSTER, COLORADO;
LOUIS ENGLEBERG; and
CHRIS HEMPELMANN.

    Defendants.

_____

**MINUTE ORDER**
_____

**United States Magistrate Judge S. Kato Crews**

    In its Motion to Dismiss, City of Westminster states that it did not confer with Plaintiff before filing the motion because conferral is not required under the local rules. [#11.] However, Judge Moore's Practice Standards specifically require conferral prior to filing a motion pursuant to Fed. R. Civ. P. 12(b)(6). They state, in pertinent part:

> Motions brought pursuant to Fed. R. Civ. P. 12(b) are <u>discouraged if the defect is correctable by the filing of an amended pleading</u>. Counsel should confer prior to the filing of the motion to determine whether the deficiency can be corrected by amendment (e.g., failure to plead fraud with specificity) and should exercise their best efforts to stipulate to appropriate amendments. If such a motion is nonetheless filed, counsel for the movant shall include in the motion a conspicuous statement describing the specific efforts undertaken to comply with this Practice Standard.

Civ. Practice Standard IV. L. 2(a) (emphasis added).

    After reviewing the Motion to Dismiss, this Court concludes that the pending Motion is precisely the type of motion Judge Moore's practice standard is meant to address. That is, the primary argument in the Motion is that the allegations are insufficient and conclusory. [#11.] Although the Court recognizes that the Motion was filed prior to Judge Moore's assignment to this case, the parties and their counsel are nevertheless

responsible for making sure that they have complied with each judge's practice standards. Because this Motion is non-compliant, it is DENIED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that the parties shall confer to determine whether Plaintiff's purportedly deficient allegations can be corrected by amendment and they should exercise their best efforts to stipulate to appropriate amendments. The parties are advised that this Court <u>does not</u> consider the sole use of email exchanges to be sufficient conferral. Rather conferral should be over the phone or in person.[1]

If the parties are ultimately unable to stipulate to an amendment, the renewed motion shall include a conspicuous statement describing the <u>specific efforts undertaken</u>. The parties shall have up to and including July 24, 2020, to confer on this matter.

IT IS FURTHER ORDERED that in light of the foregoing, the Motion to Stay [#19] is DENIED AS MOOT.

Dated: June 25, 2020

---

[1] The Court understands the obstacle to in-person meetings presented by COVID-19, and therefore, the parties may use their best judgement in deciding how to confer.