**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 20-cv-00028-RM-SKC

ESTATE OF TIMMY HENLEY, by and through its personal representative, Sabrina Courtroul,

　　Plaintiff,

v.

CITY OF WESTMINSTER, COLORADO,
LOUIS ENGLEBERG, and
CHRIS HEMPELMANN,

　　Defendants.

---

**ORDER**

---

　　This lawsuit brought under 42 U.S.C. § 1983 is before the Court on the December 22, 2020 Recommendation of United States Magistrate Judge S. Kato Crews (ECF No. 50) to deny the Renewed Motion to Dismiss by Defendant City of Westminster (the "City") (ECF No. 33), seeking dismissal of Plaintiff's municipal liability claim.   The City has filed an Objection to the Recommendation.  (ECF No. 52).  For the reasons below, the Court overrules the City's Objection and accepts the Recommendation, which is incorporated into this Order by reference, *see* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

**I.　　LEGAL STANDARDS**

　　Pursuant to Fed. R. Civ. P. 72(b)(3), this Court reviews de novo any part of the magistrate judge's recommendation to which a proper objection is made.  An objection is proper only if it is sufficiently specific "to focus the district court's attention on the factual and legal

issues that are truly in dispute." *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). "In the absence of timely objection, the district court may review a magistrate's report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991).

In evaluating a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must accept as true all well-pleaded factual allegations in the complaint, view those allegations in the light most favorable to the plaintiff, and draw all reasonable inferences in the plaintiff's favor. *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 757 F.3d 1125, 1136 (10th Cir. 2014); *Mink v. Knox*, 613 F.3d 995, 1000 (10th Cir. 2010). The complaint must allege a "plausible" right to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 569 n.14 (2007); *see also id.* at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level."). Conclusory allegations are insufficient, *Cory v. Allstate Ins.*, 583 F.3d 1240, 1244 (10th Cir. 2009), and courts "are not bound to accept as true a legal conclusion couched as a factual allegation," *Twombly*, 550 U.S. at 555 (quotation omitted).

## II.   BACKGROUND

The City employed the individual Defendants as police officers. On September 4, 2018, the individual Defendants shot and killed Timmy Henley, who was hallucinating as a result of consuming cocaine that likely was laced. Less than two hours before the shooting occurred, City police officers, including Defendant Engleberg, responded to a 911 call from one of Henley's neighbors. Henley was standing on the neighbor's truck and refusing to get down because he believed doges were chasing him. One of the officers convinced Henley to come down and, after a pat down and medical check, he was released.

A short while later, two more of Henley's neighbors called 911—one reporting that someone might have broken into his apartment and another reporting that Henley had entered his apartment.  Neither caller reported feeling threatened by Henley's conduct.  The individual Defendants were dispatched to the scene, aware that Henley was the likely cause of the calls.  Soon after they arrived, they saw him exit an apartment and close the door.  Henley appeared disoriented and scared, and Defendant Engleberg recognized him from the earlier encounter.  Defendant Engleberg ordered him to stop, but he began moving down a set of stairs to exit the landing he was on.  Even though Henley was unarmed and did not threaten or charge at the officers, they shot him dead in the parking lot.

The complaint asserts an excessive force claim against the individual Defendants and a municipal liability claim against the City.  Only the City filed a motion to dismiss, which was referred to the magistrate judge for a recommendation.  After the motion was fully briefed, the magistrate judge recommended that it be denied.

III.    ANALYSIS

To state a claim for municipal liability, a plaintiff must demonstrate the existence of a municipal policy or custom, a direct causal link between the policy or custom and the injury alleged, and deliberate indifference by the municipality.  *Waller v. City and Cnty. of Denver*, 932 F.3d 1277, 1283-84 (10th Cir. 2019).  "The deliberate indifference standard may be satisfied when the municipality has actual or constructive notice that its action or failure to act is substantially certain to result in a constitutional violation, and it consciously or deliberately chooses to disregard the risk of harm."  *Barney v. Pulsipher*, 143 F.3d 1299, 1307 (10th Cir. 1998).

Here, the magistrate judge determined that Plaintiff adequately alleged deliberately indifferent training, supervision, and discipline by the City by describing three prior incidents where excessive force was allegedly used on individuals with diminished mental capacity or experiencing an emotional disturbance.  The first involves an allegation of Defendant Engleberg forcefully seizing an eleven-year-old boy with autism who had committed no crime and threatened no one.  (ECF No. 1 at ¶ 104.)  The second involves Defendant Engleberg and two other officers using unnecessary force and injuring a sixteen-year-old boy who was suffering from an emotional episode and became verbally non-responsive.  (*Id.* at ¶ 106.)  The third occurred just ten days before the events underlying this case and involves another Westminster officer shooting and killing a man in mental distress without first attempting to de-escalate the situation or to use non-lethal means to take control.  (*Id.* at ¶ 116.)  The magistrate judge determined that these allegations were sufficient to establish that the City "had constructive notice that its failure to train its officers was likely to result in harm to the public and that it was deliberately indifferent when it ignored the risk and failed to implement appropriate training." (ECF No. 50 at 9.)

The City contends that the allegations fail to provide a basis for municipal liability.  It argues that the first two instances do not involve the use of lethal force and therefore are not sufficiently similar to this case to support a finding that the City was deliberately indifferent.  And the City argues that the third incident, standing alone, could not have provided notice because it occurred a mere ten days before the events in this case.  The City further argues that the magistrate judge erred by failing to analyze whether any of the allegations concerning prior instances of misconduct had merit.  The Court is not persuaded by these arguments.

The first two incidents both involve allegations that Defendant Engleberg escalated situations by using excessive force against minors with diminished mental capacity or experiencing an emotional disturbance.  Plaintiff's excessive force claim is supported by similar allegations, notwithstanding that the force used against him was lethal.  Although the third incident may have occurred too late to have allowed the City to conduct a full investigation or implement any retraining, the allegations reinforce that the City was on notice that further violations of federal rights were likely to occur.  Considered together, the allegations underlying these incidents are sufficient to show an informal custom of allowing the City's officers to escalate situations involving people with diminished mental capacity by using force and a failure to train or supervise its officers.  Further, at the motion to dismiss stage, these allegations are sufficient to show a pattern of tortious conduct and that the conduct against Henley fits that pattern.

Finally, to the extent the City argues the magistrate judge erred by finding that *City of Canton v. Harris*, 489 U.S. 378, 390 (1989), provides an additional basis for denying its motion (*see* ECF No. 52 at 6 n.9), the Court disagrees that the exception contemplated in that case is as narrow as the City suggests.  In that case, the Supreme Court determined that the adequacy of a police training program hinges on the tasks the particular officers must perform.  *Canton*, 489 U.S. at 390.  But *Canton* does not require an allegation that a municipality fail entirely to train its officers on some aspect of the law to establish deliberate indifference.  *See id.* at 390 n.10 ("It could . . . be that the police, in exercising their discretion, so often violate constitutional rights that the need for further training must have been plainly obvious to the city policymakers, who, nevertheless, are 'deliberately indifferent' to the need.").  Accordingly, the Court agrees

with the magistrate judge's implicit finding that Plaintiff's allegations are sufficient to establish

that given the frequency with which police officers encounter individuals of diminished mental

capacity, the need to implement appropriate training should have been obvious to the City.

## IV.     CONCLUSION

Therefore, the Court OVERRULES the City's Objection (ECF No. 52), ACCEPTS and

ADOPTS the magistrate judge's Recommendation (ECF No. 50), and DENIES the City's

Renewed Motion to Dismiss (ECF No. 33).

DATED this 13th day of January, 2021.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge